UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **SHACORTEZ MONROE** | **CIVIL ACTION NO. 19-1635-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **STEVE PRATOR, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Shacortez Monroe ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on December 11, 2019. Plaintiff is incarcerated in the Caddo Correctional Center in Shreveport, Louisiana, and claims his civil rights were violated by prison officials. He names the Caddo Correctional Center, Steve Prator, Robert Wyche, Tommy Engleade, Rick Farris, Director Wright and Lt. Disha Darby as defendants.

Plaintiff claims that on December 18, 2019, he was confined in his cell for 24 hours. He claims Lt. Darby did not allow him to shower. Plaintiff claims Sgt. Engleade did not provide him with a proper grievance form. Plaintiff claims Captain Farris denied him legal motions from the law library. Plaintiff admits he was not delayed in obtaining judicial review of his claims as a result of the denial of access to the courts. Plaintiff also admits

that he not lose the right to commence, prosecute or appeal any suit because of the actions of Defendants.

Plaintiff claims Robert Wyche denied him sanitary living conditions. He claims the showers are disgusting. He claims the drains are blocked with trash and flood and smell. He claims there are gnats everywhere. Plaintiff claims he is not being fed the required amount of food.

Plaintiff claims Steve Prator does not discipline deputies for treating him unfairly. He claims deputies are not disciplined for excessive force on offenders and abusing their authority. He claims deputies ignore the emergency call buttons. He claims deputies threaten to lock him down.

Plaintiff claims Director Wright supervises the medical department. He claims he has made several medical sick calls and it took up to a week to be treated. Plaintiff admits he was given Tylenol for his condition. He admits he was not denied medical treatment and he suffered no harm.

Accordingly, Plaintiff seeks monetary compensation.

## LAW AND ANALYSIS

**Administrative Remedy Procedure**

Inmates do not have a constitutionally protected right to a prison administrative grievance procedure. See Oladipupo v. Austin, et al., 104 F.Supp.2d 626 (W.D.La.2000); Brown v. Dodson, et al., 863 F.Supp. 284 (W.D.Va.1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991). A prison official's failure to comply with a state administrative grievance procedure is not actionable under Section 1983 because a state administrative

grievance procedure does not confer any substantive constitutional right upon prison inmates. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988), cert. denied, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231.

Furthermore, state administrative grievance procedures are separate and distinct from state and federal legal procedures. Thus, a prison official's failure to comply with state administrative grievance procedures does not compromise an inmate's right of access to the courts. Flick, supra. Thus, insofar as Plaintiff alleges that the defendants failed to have and/or comply with a prison administrative grievance procedure, those allegations, standing alone, do not provide an arguable basis for recovery under Section 1983.

Accordingly, Plaintiff's claims regarding the grievance forms and procedure should be dismissed with prejudice as frivolous.

**Legal Access**

Prisoners have a constitutional right of meaningful access to the courts. Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)). However, this constitutional guarantee is not without limitation. Lewis v. Casey, 518 U.S. 343 (1996) (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)). In Lewis v. Casey, 518 U.S. 343, (1996), the Supreme Court reviewed its holding in Bounds v. Smith, 430 U.S. 817, (1977) which is the source of a prisoner's constitutional right to "meaningful access to the courts." While the Supreme Court reaffirmed a prisoner's right of access to the courts in Lewis, the Court limited the parameters of Bounds and set forth a standard to be applied when determining whether to grant relief for an access to the courts violation. In so

holding, the Court noted that a prisoner must show an actual injury, explaining that this requirement is derived from the doctrine of standing.  Lewis, 116 S.Ct. at 2179.  The Court used the analogy of a prisoner who is denied access to that of a healthy prisoner who has been deprived of medical treatment.  In both cases, neither the access deprived prisoner nor the healthy prisoner have sustained constitutional injury, and thus, are not entitled to relief under Section 1983.  The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct.  Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that Plaintiff's claims regarding the law library are frivolous.  Plaintiff has not satisfied the "actual injury" requirement as he makes no claims of injury in his complaint or amended complaint.  Plaintiff admits he did not lose the right to commence, prosecute, or appeal any suit because of the actions of Defendants.  Plaintiff further admits he was not delayed in obtaining judicial review of his claims as a result of the denial of access to the courts. Thus, Plaintiff has failed to state any actual injury.

Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

**Conclusory Claims**

Plaintiff claims the food is inadequate.  He claims Steve Prator does not discipline deputies for treating him unfairly.  He claims deputies are not disciplined for using

excessive force and abusing their authority. He claims deputies ignore the emergency call button. He claims deputies threaten to place him on lockdown.

A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations. Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986). The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials. See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

In this case, Plaintiff has named individual prison officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations. Plaintiff has failed to do so as to these claims.

Accordingly, these claims should be dismissed for failure to state a claim on which relief may be granted.

**Conditions of Confinement**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must

take reasonable measures to guarantee safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991). First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)). Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979. However, mere neglect and/or negligence do not constitute deliberate indifference. See Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1997).

Furthermore, this court should consider the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement. Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999).

Plaintiff claims that he was denied a shower on December 18, 2019. He claims the showers are disgusting. He claims the drains are blocked with trash and flood and smell. He claims there are gnats everywhere. Plaintiff's claims standing alone, simply do not rise to the level of cruel and usual punishment as defined by the jurisprudence.

Plaintiff does not allege how the denial of a shower posed a substantial risk of serious harm to his health or safety, nor does he allege that prison officials knew of and disregarded that risk. "[T]he Constitution does not require daily or even weekly showers." Garrett v. Smith, 2021 WL 1215871 (E.D. La. 2021); See Hamilton v. Lyons, 74 F.3d 99, 106 (5th Cir. 1996).

Although a jail should be reasonably clean, "[t]he Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be." McAllister v. Strain, No. 09-CV-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009); accord Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions."). Plaintiff has not presented factual allegations of "extreme deprivations," nor has he presented facts indicating that the presence of dirty showers, gnats and blocked drains violate contemporary standards of decency or has denied him "the minimal civilized measure of life's necessities." Wilson v. Seiter, 401 U.S. at 298 (internal quotation marks and citation omitted); see Helling v. McKinney, 509 U.S. 25, 36 (1993); see also Clark v. Gusman, 2012 WL 1825306 (E.D. La. 2012)(The mere fact that there is mold does not warrant relief.), citing Carter v. Strain, 2009 WL 3231826, at *3 (E.D.La. Oct. 1, 2009); McCarty v. McGee, 2008 WL 341643, at *3 (S.D.Miss. Feb. 5, 2008) ("Plaintiff's claim that the shower he was forced to share with other inmates is polluted and covered in mold and fungus, causing him to catch athlete's foot and ringworm, fails to rise to the level of a constitutional violation.").

Accordingly, Plaintiff's claims regarding the conditions of his confinement are frivolous because they lack an arguable basis in law and in fact, and they should be dismissed with prejudice as frivolous.

**Medical Care**

Plaintiff claims he made several medical sick calls and it took up to a week to be treated. Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of, or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. A delay in medical care will violate the Eight Amendment only if the delay is based on deliberate indifference

and results in substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits he was seen and given Tylenol for his condition. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton." Furthermore, Plaintiff admits he was not denied medical treatment and he suffered no harm.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical

treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical care claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 8th day of April, 2022.

Mark L. Hornsby
U.S. Magistrate Judge